MR. JUSTICE WEBER,
dissenting:
I disagree with the majority conclusion that Mr. Lassabe was injured within the course and scope of his employment. The majority refers to Simmons Drilling’s policy of having the driller round up his own crew and transport them to the rig in time for the next shift. It is true that Simmons Drilling paid the driller mileage for using his own car to transport the drill crew from Newcastle, Wyoming, to the drill site, which was classed as a remote site. We must distinguish that from the present trip. Here, the driller was returning from his seven-day sabbatical during which he did not work. Simmons Drilling did not pay anything to the driller for driving his own car from *99 Shelby, Montana, to Newcastle, Wyoming, a distance of several hundred miles.
The general rule with regard to payment of travel expense or furnishing of a vehicle by the employer is summarized in 1 Larson, Workmen’s Compensation Law, Sections 16.31 at 4-181 and 4-200 (1985):
“However, in the majority of cases involving a deliberate and substantial payment for the expense of travel, or the provision of an automobile under the employee’s control, the journey is held to be in the course of employment. This result is usually correct, because when the subject of transportation is singled out for special consideration it is normally because the transportation involves a considerable distance, and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service performed.”
The numerous cases upon which Larson bases his conclusion cover situations where the employer pays a deliberate and substantial payment for the expense of travel or provides an automobile. Neither of these conditions is present here. The present case does not fit any of the recognized exceptions to the general rule which establishes that travel to and from work is not covered by workers’ compensation. The effect of the majority opinion is to create a new exception which could be placed under the general heading of “general benefit to employer.”
As authority for its conclusion, the majority cites Guarascio. That case is significantly different from the present case because Mr. Guarascio was to receive compensation for the time spent traveling to Butte. Guarascio, 374 P.2d at 86. There is no comparable arrangement in the present case. Travel or travel time which is paid for by the employer is distinct from ordinary travel time by any employee from his place of residence to his place of work. Because Mr. Lassabe was not compensated in any way for his travel time from Shelby, Montana, to Newcastle, Wyoming, the majority’s opinion raises many new questions.
For example, what decision should be reached if the driller himself had been injured in the accident? It seems clear to me that we could not find this was in the course of his employment because no payment was made by the employer to the driller for either travel time or travel expense. Certainly Mr. Lassabe should not have a greater right than the driller, an already existing employee.
The majority points out that the single purpose of Mr. Lassabe’s *100 trip was to go to the site of his employment in a transportation mode furnished by the driller, all for the benefit of the employer. The mode of transportation was furnished by the driller; it was not furnished by the employer. Standing alone, benefit to the employer has never been a sufficient basis to hold that an employee was within the course and scope of his employment.
I would affirm the determination that Mr. Lassabe was not within the course of his employment at the time of the accident.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON concur in the foregoing dissent.